IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

**DOCKETED**

JAN 2 9 2003

NEAR NORTH INSURANCE
BROKERAGE, INC., et. al.,

               Plaintiffs,

   v.

AON CORPORATION, et. al.,

               Defendants.

Case No. 02 C 8801

Judge Gottschall

Magistrate Judge Ashman

**FILED**

JAN 2 8 2003 JM

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## <u>NOTICE OF FILING</u>

TO:    See Attached Service List

        PLEASE TAKE NOTICE that on Tuesday, January 28, 2003, we filed with the Clerk of the United States District Court for the Northern District of Illinois, the foregoing **Motion to Dismiss the First Amended Complaint** and **Memorandum In Support of Motion to Dismiss the First Amended Complaint,** copies of which are attached hereto and herewith served upon you.

                        USI INSURANCE SERVICES
                        CORPORATION, USI INSURANCE
                        SERVICES CORPORATION OF
                        ILLINOIS, JEFFREY LUDWIG, AND
                        BETH MINEAU

By:      _____
               One of Their Counsel

Caesar A. Tabet
Deborah E. Decker
Marnie A. Jensen
Tabet DiVito & Rothstein LLC
180 North LaSalle Street -- Suite 1510
Chicago, Illinois 60601

31

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

NEAR NORTH INSURANCE
BROKERAGE, INC., et. al.,

          Plaintiffs,

v.

AON CORPORATION, et. al.,

          Defendants.

Case No. 02 C 8801

Judge Gottschall

Magistrate Judge Ashman

**FILED**

JAN 2 8 2003 ᴶⁿ

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

**DOCKETED**

JAN 2 9 2003

## THE USI DEFENDANTS' MOTION TO
## DISMISS THE FIRST AMENDED COMPLAINT

Defendants USI Insurance Services Corporation, USI Insurance Services Corporation of Illinois, Jeffrey Ludwig, and Beth Mineau (the "USI Defendants"), by and through their attorneys, respectfully move this Court to dismiss all counts of plaintiffs' First Amended Complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

The First Amended Complaint should be dismissed because (1) the claims of civil conspiracy, breach of fiduciary duty, tortious interference with business relations, and conversion are preempted by the Illinois Trade Secrets Act and therefore fail to state a claim for which relief can be granted; (2) plaintiffs cannot allege a claim for civil conspiracy because a company and its employees cannot conspire with each other; and (3) all of plaintiffs' claims contained in the First Amended Complaint are inadequately

---

[1] This motion is also brought on behalf of USI employee Sheldon Bachrach to the extent necessary. Plaintiffs represented to the Court on December 16, 2002 that they would voluntarily dismiss Mr. Bachrach from this litigation as soon as the Court ruled on plaintiffs' motion to remand. We expect that plaintiffs will comply with their representation to this Court, and therefore this motion to dismiss is also brought on behalf of Mr. Bachrach only in the event that plaintiffs do not promptly dismiss him from this litigation.

31

pled. In support of their motion, the USI defendants submit the accompanying Memorandum in Support of Motion to Dismiss First Amended Complaint.

WHEREFORE, for the reasons stated above and in the accompanying Memorandum in Support of Motion to Dismiss First Amended Complaint, the USI defendants respectfully request that this Court enter an order dismissing all counts of plaintiffs' First Amended Complaint against them and granting such further relief as the Court deems appropriate.

Dated: January 28, 2003

Respectfully submitted,

USI INSURANCE SERVICES CORPORATION,
USI INSURANCE SERVICES CORPORATION
OF ILLINOIS, JEFFREY LUDWIG,
AND BETH MINEAU

By: _____
One of Their Counsel

Caesar A. Tabet
Deborah E. Decker
Marnie A. Jensen
Tabet DiVito & Rothstein LLC
180 North LaSalle Street
Suite 1510
Chicago, Illinois 60601
(312) 762-9450

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

**DOCKETED**
JAN 2 9 2003

NEAR NORTH INSURANCE
BROKERAGE, INC., et. al.,

                Plaintiffs,

      v.

AON CORPORATION, et. al.,

                Defendants.

Case No. 02 C 8801

Judge Gottschall

Magistrate Judge Ashman

**FILED**

JAN 2 8 2003 ·Wr·

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## THE USI DEFENDANTS' MEMORANDUM IN SUPPORT OF
## THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

        Defendants USI Insurance Services Corporation, USI Insurance Services Corporation of Illinois, Jeffrey Ludwig, and Beth Mineau (collectively, the "USI Defendants") respectfully submit this memorandum in support of their motion to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## I.   <u>INTRODUCTION</u>

        The claims asserted in the First Amended Complaint should be dismissed for three separate reasons. First, plaintiffs' claims for civil conspiracy, breach of fiduciary duty, tortious interference with business relations, and conversion are preempted by the Illinois Trade Secrets Act. Second, as a separate and independent basis for dismissal of plaintiffs' civil conspiracy claim, plaintiffs cannot allege a claim for civil conspiracy against the USI Defendants because a company and its employees cannot by law conspire with each other. Finally, as yet another separate and independent basis for dismissal, plaintiffs' wordy and confusing pleading fails to meet the pleadings requirements of Fed. R. Civ. P. 8 and fails to state any claim upon which relief can be granted against the USI Defendants. Specifically, plaintiffs fail to satisfy the particularity

---

[1]    As set forth in more detail in the USI Defendants' Motion to Dismiss, this memorandum is also brought on behalf of USI employee Sheldon Bachrach to the extent necessary.

31

requirement for alleging civil conspiracy and breach of fiduciary duty under Rule 9(b) and even

fail to satisfy the less-stringent pleading requirements for their claims of breach of contract,

conversion, violation of Illinois Trade Secrets Act, tortious interference with business relations,

and trade disparagement. For all of these reasons, the USI Defendants respectfully request that

this Court dismiss plaintiffs' First Amended Complaint.

## II. PLAINTIFFS' CLAIMS FOR CIVIL CONSPIRACY, BREACH OF FIDUCIARY DUTY, TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS, AND CONVERSION ARE PREEMPTED BY THE ILLINOIS TRADE SECRETS ACT AND SHOULD BE DISMISSED.

Plaintiffs' claims for civil conspiracy, breach of fiduciary duty, tortious

interference with business relations, and conversion all arise from the same underlying allegation:

that the USI Defendants misappropriated and unlawfully used plaintiffs' trade secrets. Count VI,

Violation of Illinois Trade Secrets Act, alleges that the USI Defendants "obtained Near North

Proprietary Information." (Compl. ¶ 384.) Similarly, plaintiffs base their civil conspiracy claim

(Count II) on "stealing and misappropriating . . . Proprietary Information," *id.* ¶ 348(a), their

breach of fiduciary duty claim (Count III) on such "wrongful acts," *id.* ¶ 355, and their tortious

interference with business relations and conversion claims (Counts VIII and X) on the USI

Defendants allegedly obtaining and using the same "Proprietary Information." (Compl. ¶¶ 399,

415.)

The Illinois Trade Secrets Act ("ITSA") preempts each of these claims. Section 8 of

ITSA states:

> Except as provided in subsection (b), this Act is *intended to displace* conflicting
> tort, restitutionary, unfair competition, *and other laws* of this State providing civil
> remedies for misappropriation of a trade secret.

765 ILCS 1065/8(a) (emphasis added). ITSA's broad preemption function "abolished all

common law theories of misuse of [trade secret] information." *Composite Marine Propellers,*

*Inc. v. Van Der Woude,* 962 F.2d 1263, 1265 (7th Cir. 1992). So long as "the operative facts

[underlying these claims] are arguably cognizable under the ITSA, any common law claim that might have been available on those facts in the past now no longer exists in Illinois." *Learning Curve Toys, L.P. v. PlayWood Toys, Inc.*, No. 94 C 6884, 1999 WL 529572, at *3 (N.D. Ill. July 20, 1999).

In accordance with the express provisions of Section 8 of ITSA, Illinois state courts and federal courts applying Illinois law consistently have held that all claims of civil conspiracy, breach of fiduciary duty, tortious interference with business relations, and conversion are specifically preempted by ITSA. *See, e.g., Fox Controls, Inc. v. Honeywell, Inc.*, No 02 C 346, 2002 WL 1949723 (N.D. Ill. Aug. 22, 2002) (preempting and dismissing intentional interference with prospective economic advantage and breach of fiduciary duty claim); *Thomas & Betts Corp. v. Panduit Corp.*, 108 F. Supp. 2d 968 (N.D. Ill. 2000) (preempting and dismissing breach of fiduciary duty, conversion, and tortious interference with business relations claims). Where, as here, the "thrust of [plaintiff's] case revolves around the alleged misappropriation" of trade secrets, even if numerous causes of action are pled, a court must dismiss all common law claims as preempted. *Fedders Corp. v. Haier Am. Trading, LLC*, No. 00 Civ. 5583, 2002 WL 519733 (S.D.N.Y. April 4, 2002) (applying ITSA and preempting civil conspiracy, breach of fiduciary duty, interference with business relations, and conversion claims).

In this case, plaintiffs' trade secrets claim (Count VI) alleges that the USI Defendants "maliciously and willfully obtained Near North Proprietary Information, in violation of the Illinois Trade Secrets Act (765 ILCS 1065/1 *et. seq.*)." Plaintiffs' common-law claims of civil conspiracy, breach of fiduciary duty, tortious interference with business relations, and conversion all arise from the same "operative facts" as alleged in Count VI -- namely, the misappropriation of plaintiffs' trade secrets by the USI Defendants. Plaintiffs' allegations clearly center around the alleged taking and using of its "proprietary information" for the purpose of

3

soliciting customers and employees. (Compl. ¶¶ 273, 310-19, 348, 399, 415-16.) In every one of these allegations against the USI Defendants, the alleged taking and using of proprietary information is the foundation. *Id.* Accordingly, the thrust of plaintiffs' common-law claims against the USI Defendants is based on misappropriation of trade secrets. All of these claims are preempted by ITSA and require dismissal.

### III. PLAINTIFFS CANNOT ALLEGE A CLAIM FOR CIVIL CONSPIRACY AGAINST THE USI DEFENDANTS BECAUSE A COMPANY AND ITS EMPLOYEES CANNOT CONSPIRE WITH EACH OTHER.

Plaintiffs' claim for civil conspiracy against the USI Defendants should also be dismissed for failure to state a claim because a principal cannot conspire with its own employees or agents. Under well-established Illinois law, a party cannot conspire with its own employees or agents. *See Tango Music, L.L.C. v. Deadquick Music, Inc.*, No. 99 C 7331, 2001 WL 897606 (N.D. Ill. Aug. 9, 2001) (applying Illinois law and dismissing civil conspiracy claim pursuant to Rule 12(b)(6) because agent cannot conspire with principal); *Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill. 2d 12, 694 N.E.2d 565 (Ill. 1998). The rationale for this rule is that the acts of an agent are deemed by law to be the acts of the principal, resulting in an "absence of parties legally capable of entering into a conspiracy." *Salaymeh v. Interqual, Inc.*, 155 Ill. App. 3d 1040, 1043, 508 N.E.2d 1155, 1158 (Ill. App. Ct. 1987).

The plaintiff in *Buckner* alleged that defendants engaged in a civil conspiracy against plaintiff. The defendants consisted of a corporation and two of its employees. *Buckner*, 182 Ill. 2d at 14, 694 N.E.2d at 566. In affirming the dismissal of the civil conspiracy claims, the court stated that "there can be no conspiracy between a principal and an agent." *Id.* at 24, 694 N.E.2d at 571. Moreover, in *Tango Music*, the district court went even further in applying *Buckner*, stating that "no civil conspiracy can exist *between or among* the agents of such principal acting on its behalf." *Tango Music*, 2001 WL 897606 at *6 (emphasis added).

4

In this case, accepting all of plaintiffs' allegations in its Amended Complaint as true for purposes of this motion, Ludwig and Mineau were agents of USI beginning in June 2001 through the filing date of the First Amended Complaint. (Compl. ¶ 423.) In Count II, plaintiffs allege that the civil conspiracy between the USI Defendants began in August 2001 and continued through the filing date of the First Amended Complaint. (Compl. ¶ 347.) Ludwig and Mineau were, by plaintiffs' own admission, employees and agents of USI during the entire period of the alleged civil conspiracy. Accordingly, for this separate reason, plaintiffs fail to state a claim for civil conspiracy under Illinois law, and Count II must be dismissed.

## IV. THE REMAINING COUNTS SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH RULE 8 AND FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6).

Plaintiffs' First Amended Complaint contains 94 pages and 445 paragraphs. It also incorporates nearly 100 pages of exhibits and repeats and realleges 337 of its paragraphs uniformly in each count of the complaint. Despite this fact, plaintiffs utterly fail to set forth in a comprehensible fashion the who, what, when, where, how, and why of each of the USI Defendants' alleged conduct. *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.), *cert. denied*, 498 U.S. 941 (1990). Plaintiffs' pleading violates Rule 8 of the Federal Rules of Civil Procedure. It also fails to state a claim upon which relief can be granted. The First Amended Complaint should therefore be stricken and dismissed.

### A. Plaintiffs' Violation of Rule 8 Warrants Dismissal of the First Amended Complaint.

Plaintiffs' First Amended Complaint does not comport with Rule 8. Rule 8(a) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See, e.g., Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 776 (7th Cir. 1994) (emphasizing that a "confusing, redundant, and seemingly interminable amended complaint violate[s] the letter and spirit of Rule 8(a)"). Rule 8(e) states that each

averment in the pleading should be "simple, concise, and direct." Where, as here, a complaint fails to comply with Rule 8, it should be stricken. *See Vicom*, 20 F.3d at 776 ("we think the district court should have given more serious consideration to dismissing Vicom's amended complaint with prejudice" for plaintiff's violation of Rule 8); *Johns-Manville Sales Corp. v. Chicago Title & Trust Co.*, 261 F. Supp. 905, 908 (N.D. Ill. 1966) ("When directed to the court's attention by motion such as here the court is obliged to strike excessively verbose and extraneous pleadings.").

In addition, as set forth below in Section B, plaintiffs' pleading must also comply with the more stringent pleading requirements of Rule 9(b). However, plaintiffs' Rule 9(b) obligations are separate from and do not alter plaintiffs' obligations under Rule 8. *See United States v. Lockheed-Martin Corp.*, No. 98 C 5072, 2002 WL 1794004, at *2 (N.D. Ill. Aug. 2, 2002) ("*Lockheed*") (particularity demands of Rule 9(b) do not negate commands of Rule 8). As the Seventh Circuit has stated:

> A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation. . . . Thus, courts should not allow plaintiffs to "plead [ ] by means of obfuscation."

*Vicom, Inc.*, 20 F.3d at 775-66 (quoting *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990)). Pleading by means of obfuscation is precisely what plaintiffs have done in their First Amended Complaint. Plaintiffs' First Amended Complaint is a "shotgun" pleading, meaning that "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Lockheed*, 2002 WL 1794004 at *2 (quoting *Anderson v. District Bd. of Trustees*, 77 F.3d 364, 366 (11th Cir. 1996)). Such a pleading is improper and should be dismissed.

If the First Amended Complaint is permitted to stand, the USI Defendants will be unfairly subjected to increased costs in defending against such a garbled and confusing

6

complaint; at the same time, this Court will be forced to devote a disproportionate amount of its resources wading through plaintiffs' wordy and confusing pleading. *See Vicom, Inc.*, 20 F.3d at 776 (taking into account "right of these defendants to be free from this costly and harassing litigation and the rights of litigants awaiting their turns to have other matters resolved"). The First Amended Complaint should not be permitted to stand. It should be dismissed for failure to comply with the federal pleading rules.

## B. In Addition, Plaintiffs' Claims Against the USI Defendants Are Inadequately Pled.

Should this Court decide to parse through each count of plaintiffs' voluminous pleading, it will find that, despite the wordiness, plaintiffs do not allege sufficient allegations to state a claim against any of the USI Defendants. In their counts for breach of fiduciary duty, civil conspiracy, breach of contract, violation of the Illinois Trade Secrets Act, tortious interference with business relations, conversion, and trade disparagement, plaintiffs generically state conclusions of law while incorporating 67 pages and 337 paragraphs of allegations into each of the counts. Apparently, plaintiffs expect the Court and opposing counsel to piece together some basis for their counts from these rambling allegations. Due to the plaintiffs' vague and conclusory pleading, it is impossible to determine if any of the elements of their causes of action have been met, but clearly some have not. As set forth below, all of these counts are insufficiently pled and should therefore be dismissed under Rule 12(b)(6).

### 1. Plaintiffs' Civil Conspiracy and Breach of Fiduciary Duty Claims Do Not Satisfy Rule 9(b) Particularity Requirements.

Plaintiffs' civil conspiracy and breach of fiduciary duty claims must be pled with particularity under Rule 9(b). *See Tango Music, L.L.C. v. Deadquick Music, Inc.*, No. 99 C 7331, 2001 WL 897606 (N.D. Ill. Aug. 9, 2001) (dismissing Illinois state law civil conspiracy claim pursuant to Rule 12(b)(6) for failure to satisfy 9(b)); *Lipke v. Lipke*, No. 02 C 1578, 2002 WL

31177920, at * 3 (N.D. Ill. Oct. 1, 2002) (claim for breach of fiduciary duty "must comply with the 'pleading with particularity requirement' of Fed. R. Civ. Pro. 9(b)").

Plaintiffs' civil conspiracy claim does not satisfy the Rule 9(b) requirements. "To successfully allege a conspiracy claim, a plaintiff must identify, with particularity, the nature of the conspiracy and each defendant's role in the conspiracy." *Cohabaco Cigar Co. v. United States Tobacco Co.*, No. 98 C 1580, 1998 WL 773696, at *6 (N.D. Ill. Oct. 30, 1998). Stated more simply, conclusory allegations of conspiracy are insufficient to satisfy Rule 9(b) and insufficient to withstand a motion to dismiss. *Id.*; *Tango Music*, 2001 WL 897606 at *6. Even under the more relaxed standard of Rule 8, a plaintiff's failure to plead facts such as the defendants' roles in the alleged conspiracy warrants dismissal. *See Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857 (7th Cir. 1999). In this case, plaintiffs merely allege an agreement and acts allegedly taken in furtherance of that agreement, but fail to allege each defendant's role or any specific party. (Compl. ¶¶ 347-51.) Plaintiffs' assertions are conclusory statements that fail to properly apprise the USI Defendants of the claims against them. Count II should be dismissed for failure to comply with the specificity requirements of Rule 9(b).

Likewise, because plaintiffs' breach of fiduciary duty claim is governed by Rule 9(b), it must (1) detail the statements that constituted or contributed to the alleged breach of fiduciary duty; (2) identify the speaker; (3) state where and when the alleged statements were made; and (4) explain why the alleged statements were fraudulent and constituted a breach of fiduciary duty. *Cf. Harsco Corp. v. Segui*, 91 F.3d 337, 347 (2d Cir. 1996). Plaintiffs' breach of fiduciary duty claim fails to allege any of these facts. Instead, plaintiffs make the conclusory claim that Defendants Ludwig and Mineau "maliciously and willfully engaged in wrongful acts and omissions committed or omitted with conscious disregard of their duties." (Compl. ¶ 355).

8

This conclusory pleading cannot satisfy Rule 9(b) requirements. *See Lipke*, 2002 WL 31177920 at * 3. It also is false and frivolous.

Simply put, plaintiffs have failed to plead the "who, what, when, where, and how" of their breach of fiduciary duty claim. While a court must accept as true all well-pled allegations when ruling on a 12(b)(6) motion, it is not required to accept legal conclusions. *See Nelson v. Monroe Regional Medical Center*, 925 F.2d 1555, 1559 (7th Cir. 1991). Because plaintiffs have failed to adequately plead a breach of fiduciary duty, this Court should dismiss Count III.

> **2.     Plaintiffs' Claims for Breach of Contract, Conversion, Violation of the Illinois Trade Secrets Act, Tortious Interference with Business Relations, and Trade Disparagement are Inadequately Pled.**

Plaintiffs' remaining claims do not even satisfy less-stringent federal pleading requirements. For example, plaintiffs' breach of contract claim (Count IV) sets forth various provisions of Defendant Ludwig's and Defendant Mineau's employment contracts purporting to govern non-solicitation of customers, non-solicitation of employees, and appropriation of trade secrets or confidential information. But plaintiffs' claim does not identify any customers or employees that Defendant Ludgwig or Defendant Mineau allegedly solicited, nor does it identify any trade secrets or confidential information that were allegedly misappropriated. All plaintiffs' claim states is that all of the individual defendants "breached their contracts with Near North." (Compl. ¶ 369.) Plaintiffs' reliance on this bare conclusion of law to support their breach of contract claim is misplaced. *See Nelson*, 925 F.2d at 1559. Therefore, this Court should dismiss Count IV.

Likewise, plaintiffs rely on bare conclusions for their conversion claim (Count X), alleging in the most conclusory fashion that all of the USI Defendants, along with others, "maliciously and willfully assumed unauthorized and wrongful control, dominion and ownership over Near North's Proprietary Information." (Compl. ¶ 415.) Plaintiffs further allege only that

"Near North has made a demand for the return of its Proprietary Information," without stating any facts regarding who made that demand, when it was made, to whom it was made, and how it was made. These conclusory allegations, in the absence of any factual support, do not sustain a claim.

Plaintiffs also fail to satisfy the pleading requirements for their Illinois Trade Secrets Act claim (Count VI). Instead, plaintiffs simply set forth mere legal conclusions. Plaintiffs' claim states only that their alleged proprietary information was "secret" and that it is "protected under the Illinois Trade Secrets Act," without alleging how or why. (Compl. ¶ 381.) These allegations are conclusory and are insufficient to withstand a motion to dismiss. *See Nelson*, 925 F.2d at 1559. Moreover, plaintiffs do not allege that the USI Defendants used the alleged secret information in USI's business, a required allegation under the Trade Secrets Act. *Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1265 (7th Cir. 1992). Nor do plaintiffs identify or allege any "concrete secrets" beyond "broad areas of technology." *Thermal Zone Prods. Corp. v. Echo Engineering, Ltd.*, No. 93 C 0556, 1993 WL 358148, at *5 (N.D. Ill. Sept. 14, 1993). Even if one is able to navigate the "realleged" 337 paragraphs at the beginning of the First Amended Complaint, none of the alleged "secret" information contains more than vague statements of general technology, which falls far from the requirement that plaintiffs allege "concrete secrets." *Thermal Zone Prods. Corp.*, 1993 WL 358148 at *5. Because plaintiffs wrongfully rely on conclusions of law and broad statements, rather than pleading any facts necessary to state a trade secrets claim, Count VI should be dismissed.

Similarly, plaintiffs' claim for tortious interference with business relations suffers from the same deficiencies. Plaintiffs simply regurgitate the elements of the claim without specifying the relationships upon which their claim is based. Nor do plaintiffs specify the actions which constituted the alleged "intentional interference." In fact, plaintiffs further confuse matters

10

by alleging misappropriation of their "Proprietary Information" in this count, without stating how such alleged misappropriation is relevant to their claim of tortious interference. Even attempting to piece together the random accusations of wrongdoing against the USI Defendants, the First Amended Complaint does not properly plead the elements of tortious interference with business relations. Count VIII should therefore be dismissed.

Additionally, plaintiffs' claim for trade disparagement (Count XII) must be dismissed for a separate reason. Not only does this claim fail to allege facts necessary to state a claim; in addition, plaintiffs seek only money damages, and the act upon which plaintiffs rely, the Illinois Deceptive Trade Practices Act ("Trade Practices Act"), does not provide money damages. 815 ILCS 510/1 *et seq.*; *LaTona v. Carson Pirie Scott & Co.*, No. 96 C 2119, 1997 WL 109979, at *2 (N.D. Ill. March 7, 1997) (applying Illinois law). Moreover, under well-established law, a plaintiff is only entitled to injunctive relief under the Trade Practices Act after demonstrating a "likelihood of future harm" as a result of the alleged conduct. *Greisz v. Household Bank*, 8 F. Supp. 2d 1031, 1044 (N.D. Ill. 1998). Plaintiffs do not allege any future harm from any disparaging statements allegedly made by the USI Defendants, nor do they request injunctive relief. Instead, plaintiffs vaguely state that they were "damaged" and seek "compensatory damages" and "attorneys fees." (Compl. ¶ 426.) Plaintiffs' failure to allege any future harm prevents them from receiving injunctive relief under the Trade Practices Act. For this additional reason, Count XII should be dismissed.

Finally, even if plaintiffs' claim for trade disparagement is not dismissed because plaintiffs lack a remedy, which it should be, plaintiffs fail to allege malice and special damages as required to survive a motion to dismiss. *See Cohabaco Cigar Co. v. United States Tobacco Co.*, No. 98 C 1580, 1998 WL 773696, at *10 (N.D. Ill. Oct. 30, 1998). Plaintiffs insufficiently allege that the USI Defendants made disparaging statements "knowingly," resulting in plaintiffs being

11

"damaged." (Compl. ¶¶ 424, 426.) In order to satisfy federal pleading standards, plaintiff must plead special damages, particularly that "a specific third party refuses to conduct business with [plaintiff or that] plaintiff suffers a general diminution in its business." *Cohabaco*, 1998 WL 773696 at *10. Plaintiffs' failure to allege anything remotely close to special damages warrants dismissal of Count XII.

## V. CONCLUSION

As set forth above, plaintiffs' claims for civil conspiracy, breach of fiduciary duty, tortious interference with business relations, and conversion must be dismissed because they are preempted by plaintiffs' Illinois Trade Secrets Act claim. Moreover, plaintiffs cannot allege a claim for civil conspiracy against the USI Defendants because a party and its agents cannot conspire with each other. Finally, plaintiffs' wordy and confusing pleading fails to meet the Rule 8 pleading requirements and also fails to state any claim upon which relief can be granted against the USI Defendants. For all of these reasons, the USI Defendants respectfully request that this Court dismiss plaintiffs' First Amended Complaint.

Dated:          January 28, 2003

                                        Respectfully submitted,

                                        USI INSURANCE SERVICES CORPORATION,
                                        USI INSURANCE SERVICES CORPORATION
                                        OF ILLINOIS, JEFFREY LUDWIG,
                                        AND BETH MINEAU

                        By: _____
                                        One of Their Counsel

Caesar A. Tabet
Deborah E. Decker
Marnie A. Jensen
Tabet DiVito & Rothstein LLC
180 North LaSalle Street , Suite 1510
Chicago, Illinois 60601
(312) 762-9450

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he/she caused a true and complete copies of the foregoing **Motion to Dismiss the First Amended Complaint** and **Memorandum In Support of Motion to Dismiss the First Amended Complaint** to be served on January 28, 2003, by U.S. Mail upon the following:

Thomas R. Rakowski
Connelly Roberts and McGivney
One North Franklin, Suite 1200
Chicago, IL 60606
(312) 251-9600 - phone
(312) 251-9601 - facsimile

Matthew S. Miller
Richard J. Prendergast, Ltd.
111 West Washington Street
Chicago, IL 60602
(312) 641-0881 - phone
(312) 641-3562 - facsimile

John DeRose
John DeRose and Associates
15 Spinning Wheel Road, Suite 328
Hinsdale, IL 60521
(630) 920-1111 - phone
(630) 920-1170 - facsimile

William J. Cook
Freeborn & Peters
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
(312) 360-6340 - phone
(312) 360-6573 - facsimile

Craig D. Tobin
Craig D. Tobin & Associates
Three First National Plaza, Suite 535
Chicago, IL 60602
(312) 641-1321 - phone
(312) 641-5220 - facsimile

Richard J. Nogal
Goldstine, Skrodzki, Russian, Nemec and
Hoff, Ltd.
835 McClintock Drive, 2nd Floor
Burr Ridge, IL 60527
(630) 655-6000 - phone
(630) 655-9808 - facsimile

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*Mary Ann Sherman*